ON MOTION
CLEVENGER, Circuit Judge.
ORDER
William E. Campbell (“Campbell”) moves to remand or otherwise transfer this case to the United States District Court for the Eastern District of Virginia. We grant Campbell’s motion.
I
This case began when Campbell’s employer, the United States Army (“agency”), suspended Campbell for 28 days for alleged conduct unbecoming a Federal employee. Campbell appealed his suspension to the Merit Systems Protection Board (“Board” or “MSPB”). Campbell alleged racial discrimination as a basis for the agency’s adverse action. After his case was assigned to an Administrative Judge (“AJ”), Campbell and the agency entered a settlement agreement, which among other things reduced Campbell’s suspension by nine days. Based on the settlement agreement, the AJ dismissed the appeal.
Campbell appealed the dismissal to the Board, arguing among other things that he had not been reimbursed for nine days’ pay, that the AJ had failed to consider his discrimination claims, and that the settlement agreement was “no longer volun *886 tary.” The Board denied Campbell’s appeal, thus making the dismissal of his case final as of April 4, 2007.
II
Proceeding pro se, Campbell took three steps. First, on May 3, 2007, he filed a petition with the Equal Employment Opportunity Commission (“EEOC”) asking for review of the Board’s final order concerning his claim of discrimination in violation of the Civil Rights Act of 1964 and the Age Discrimination Act of 1967. The EEOC denied the petition on June 14, 2007, on the ground that it has no jurisdiction over Board settlement agreements.
Second, on July 13, 2007, Campbell filed a civil complaint in the United States District Court for the Eastern District of Virginia, appearing to allege discrimination by the agency violative of Title VII of the Civil Rights Act of 1964 and his due process rights. On July 30, 2007, apparently in connection with Campbell’s application to proceed in forma pauperis, the district court sua sponte characterized Campbell’s complaint in that court as an appeal from the Board’s affirmance of his suspension. The district court surmised that such an appeal by a Federal employee must be taken to this court pursuant to 5 U.S.C. § 7703. For that reason, the district court ordered that the case be transferred to this court.
Third, on August 17, 2007, Campbell filed in this court a petition for review of the final Board order, which had dismissed his Board appeal. Court-appointed pro bono counsel subsequently entered an appearance on his behalf.
Campbell now renews an earlier Motion to Remand or Otherwise Transfer the case back to the United States District Court for the Eastern District of Virginia!
III
Campbell supports his motion by asserting that this court lacks jurisdiction over the case for two reasons. First, his petition for review of the Board’s final action was untimely filed in this court. Timeliness being jurisdictional, see Oja v. Dep’t of the Army, 405 F.3d 1349, 1350 (Fed.Cir.2005), it is clear that we lack jurisdiction over the MSPB’s final order. Even if timely, Campbell now waives all possible MSPB-related claims, leaving only his discrimination claims. Second, to the extent Campbell might seek review in this court of his discrimination claims, which he does not, we lack jurisdiction. Williams v. Dep’t of the Army, 715 F.2d 1485, 1491 (Fed.Cir.1983).
Because we lack jurisdiction to hear any complaint Campbell now has, we must either dismiss his case or transfer it back to the district court, as Campbell requests.
The government urges us to dismiss Campbell’s case without transfer back to the district court. The government agrees that we lack jurisdiction to provide any relief on the merits of Campbell’s Title VII claims. The government does not contest that we have jurisdiction to consider Campbell’s motion to transfer the case back to the district court. Instead, the government argues that it is clear that the district court also lacks jurisdiction to consider Campbell’s Title VII claims, and as such the only thing for this court to do is simply to dismiss the case without giving Campbell any transfer relief.
IV
In order to grant the government’s wish, we would have to determine that Campbell is jurisdictionally barred from proceeding on his Title VII claims in the district court. It is true that a footnote in the district court’s transfer order reflects *887 that court’s jurisdictional concerns, and it is also true that Campbell’s settlement agreement with the Board may complicate his attempt to obtain Title VII relief. But it is also true that this court is in no position to address those matters because they involve discrimination issues beyond the reach of our subject matter jurisdiction. We thus decline the government’s invitation to close down all avenues of relief for Campbell. Because we cannot be certain that the district court lacks jurisdiction over Campbell’s case, we transfer the case back to the United States District Court for the Eastern District of Virginia.
V
As we understand Campbell’s situation, he alleges that acting pro se, he has taken adequate steps to invoke the jurisdiction of the United States District Court over his discrimination claims. We of course express no view on the merits of Campbell’s assertion. If Campbell can convince the district court that it has jurisdiction to decide the merits of his discrimination claims, so be it. If the district court decides otherwise, we assume Campbell will be greeted with a final order dismissing his case. If such occurs, Campbell may lodge an appeal with the United States Court of Appeals for the Fourth Circuit, if he so chooses.
Accordingly, as this court has nothing more to do with Campbell’s case,
IT IS ORDERED THAT
(1) Petitioner’s motion to transfer this case to the United States District Court for .the Eastern District of Virginia is granted.
(2) Each party will bear its own costs.